IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY STURDIVANT, #148248, Petitioner, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 17-0233-WS-N |
| KARLA JONES, Respondent. | ) ) ) | |

## ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus and Respondent's Answer. (Docs. 1, 7, 9). Petitioner Tommy Sturdivant, an Alabama prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Docs. 1,7). Through the Office of the Attorney General of the State of Alabama, Respondent Karla Jones, has timely filed an Answer to the petition. (Doc. 13). Under S.D. Ala. GenLR 72.2(b), the petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Upon consideration of the Respondent's Answer, Sturdivant is hereby permitted to submit a reply to the Answer showing cause why his habeas petition should not be dismissed for the reasons stated in the Answer. The reply must be

1

filed with the Court no later than **Thursday, October 5, 2017**. *See* Rule 5(e) of the Rules Governing Section 2254 Cases ("The petitioner may submit a reply to the respondent's answer … within a time fixed by the judge.").

As detailed in the Answer, it appears Sturdivant's conviction became final on June 11, 2017 (Doc. 4 at 15-18), making his habeas petition untimely. Because Sturdivant's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g.*, *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013). Among other things, AEDPA imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because Sturdivant is proceeding *pro se* in this action, he is advised that certain equitable exceptions may excuse an untimely habeas claim. First,

> the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).
>
> The Supreme Court []affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted).

Second,

> [i]n *McQuiggin*[ *v. Perkins*]*,* the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup*[ *v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably,

3

> would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S.Ct. at 868). The test devised in *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," *id.* at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," *id.* at 317, 115 S.Ct. at 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished).

The Respondent also asserts that some of Sturdivant's habeas claims are procedurally defaulted. "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts. The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (citation omitted). Assuming that this is true,

> [p]rocedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage

4

of justice. A fundamental miscarriage of justice occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.

*Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations and quotation omitted).

Accordingly, no later than **Thursday, October 5, 2017**, Sturdivant may reply to Respondent's Answer, and submit to the Court any briefing, evidence, and/or other materials he deems necessary to show why his petition should not be dismissed as time-barred and/or procedurally defaulted. Sturdivant's habeas petition will be taken under submission on **Friday, October 6, 2017**, Once the petition is taken under submission, no further submissions related to the issues raised may be filed unless the proponent obtains leave of court for good cause shown, and the undersigned will review the parties' submissions under Rule 8 of the Rules Governing Section 2254 Cases to determine whether an evidentiary hearing is warranted. If an evidentiary hearing is warranted, appropriate action under Rule 8(c) will be promptly taken. If a hearing is not warranted, a recommendation as to the appropriate disposition of Sturdivant's petition shall issue.

**DONE** and **ORDERED** this the 14th day of September 2017.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

5