### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY STURDIVANT, | : | |
| Petitioner, | : | |
| vs. | : | Civil Action No. 17-cv-00233-TFM-C |
| KARLA JONES, | : | |
| Respondent. | : | |

### REPORT AND RECOMMENDATION

Petitioner Tommy Sturdivant, an Alabama prisoner who proceeds *pro se*, has filed a petition that seeks habeas corpus relief under 28 U.S.C. § 2254 ("2254 Petition"). (Doc. 7). The 2254 Petition, which has been fully briefed and is ripe for adjudication, was referred to the undersigned Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72, Federal Rules of Civil Procedure (hereinafter, "FRCP" followed by the Rule number); and S.D. Ala. Gen. L.R. 72(a)(2)(R). Based upon a thorough review of the 2254 Petition, (Doc. 7), the briefs and supporting materials, (Docs. 13, 16, 18 & 21), the undersigned finds an evidentiary hearing is not warranted[1] and the 2254 Petition is due to be denied. Accordingly, it is

---

[1] Because Sturdivant filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec'y for Dep't of Corrs.*, 377 F.3d 1317, 1337 (11th Cir. 2004). Sturdivant has failed to establish an evidentiary hearing is warranted in this case. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984)

recommended Sturdivant' 2254 Petition be denied in its entirety and judgment be entered in favor of Respondent and against Petitioner, Tommy Sturdivant, and if Sturdivant seeks the issuance of a certificate of appealability, his request be denied, along with any request to appeal *in forma pauperis*.

## I.    Procedural Background

Sturdivant was indicted by the Grand Jury of Choctaw County on February 27, 2007 and charged with six (6) counts that included three (3) counts of rape, first degree, of a child, who was less than twelve (12) years of age, and three (3) counts of sexual abuse of a child, who was less than twelve (12) years of age.  (Doc. 13-2, at 1-3).  On May 16, 2011, before the Honorable Gaines C. McCorquodale and while represented by James E. Deshler, III, Esquire, Sturdivant pleaded guilty to Counts Four and Five of his indictment, both of which were counts of sexual abuse of a child, who was less than twelve (12) years of age and were Class B felonies.  (Doc. 13-1, at 28-29; Doc. 13-3, at 1 & 14).  Sturdivant was sentenced to two, concurrent, fifteen-year sentences in prison, and the remaining counts of his indictment were dismissed.  (Doc. 13-1, at 30-32; Doc. 13-3, at 17-20).

Sturdivant made no attempt to appeal his convictions until April 20, 2012, when he filed with the Alabama Court of Criminal Appeals his Motion for an Appeal, (Doc. 13-4, at 1-7), after which the Court of Criminal Appeals

---

(en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

entered a show cause order for Sturdivant to respond why his appeal should not be dismissed as untimely, (Doc. 13-4, at 10).  On May 22, 2012, the Court of Criminal Appeals denied Sturdivant's appeal as untimely, (Doc. 13-4, at 11), and a certificate of judgment was entered, (Doc. 13-4, at 12).

On May 29, 2012, Sturdivant filed his *pro se* Petition for Relief from Conviction or Sentence (Pursuant to Rule 32, Alabama Rules of Criminal Procedure) ("Rule 32 Petition").  (Doc. 13-5, at 7-24).  On the form Rule 32 Petition, Sturdivant marked the grounds for his petition as follows: the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief because his conviction was obtained by a guilty plea that was unlawfully induced or not made voluntarily in that (1) his conviction was obtained by the use of evidence that was obtained pursuant to an unlawful arrest, (2) his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to him, and (3) his conviction was obtained by a violation of the protection against double jeopardy.   Sturdivant also claims that he was denied effective assistance of counsel; the court was without jurisdiction to render the judgment or to impose the sentence; newly discovered material facts exist that require his conviction or sentence to be vacated by the court; and he failed to appeal within the prescribed time and that failure was not his fault.  (Doc. 13-5, at 10-12).

Attached to Sturdivant's Rule 32 Petition, he included explanations for certain grounds for his relief.  (Doc. 13-5, at 16-18).  As to Sturdivant's ground for relief that he was denied effective assistance of counsel, he claimed his trial counsel failed to object when Sturdivant was brought into the courtroom for his trial in prison attire, his trial counsel failed to object when a mental competency evaluation was not performed on Sturdivant, his trial counsel failed to disclose that he discussed Sturdivant's case with the nephew of the district attorney, his trial counsel failed to disclose the victim was his neighbor, and his trial counsel failed to disclose to the trial court Sturdivant was "taken off of his medicine of mental medication" and was "not in his right state of mind."  (Doc. 13-5, at 16-17).  As to Sturdivant's ground for relief that his conviction was obtained by a violation of the protection against double jeopardy, he claimed he "could not have been convicted of two counts [that were] contain[ed] in the same statute" and "sexual abuse in the first degree was a lesser included offense of rape in the first degree."  (Doc. 13-5, at 17).  As to Sturdivant's ground for relief that his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to him, he claimed a DNA, or rape, kit was not submitted as evidence at his trial.  (Doc. 13-5, at 17).  As to Sturdivant's ground for relief that his conviction was obtained by the use of evidence that was obtained pursuant to an unlawful arrest, he claimed he was arrested without a warrant.  (Doc. 13-5, at 18).

On August 9, 2012, Sturdivant filed his Amendment to Rule 32 Post-Conviction Petition, in which he included an additional ground for relief, pursuant to Rule 32, Alabama Rules of Criminal Procedure, (hereinafter, ARCrP followed by the Rule number) based on his claim that his sentence exceeded the maximum authorized by law because his prior conviction was not properly proved to enhance his sentence.  (Doc. 13-5, at 25-26; *see also* Doc. 13-5, at 27-28).  On August 7, 2013, the State of Alabama filed its Response to Rule 32 Petition.  (Doc. 13-5, at 29-55).

Sturdivant filed a second motion to amend his Rule 32 petition, his Motion to Amend Pursuant to A.R.Cr.P., Rule 32.7(b), on June 17, 2014.  Therein he included additional grounds for relief, pursuant to ARCrP 32, based on his claims that the indictment did not include the number of grand jurors that returned it or concurred with it; the name given on the indictment was incorrect; the sentence was against Tommy Sturdivant, and not Thomas Eugene Sturdivant, the Petitioner, as indicated in his recaptioned 2254 Petition, (*compare* Doc. 1 at 1 *with* Doc. 7, at 1); he was denied his right to a speedy trial; he was denied effective assistance of counsel; his attorney and/or the prosecutor was prejudiced against him; Circuit Court Judge Stuart C. Dubose did not have a right to order Sturdivant to "hand over his legal work, court papers, document[s], and letters from [the] allege[d] victim et al. to ex-Sheriff James Lovett;" his trial attorney, despite an affidavit to the contrary, did not show Sturdivant copies of medical examinations of the alleged victim;

the trial court was without jurisdiction to sentence him; and he was brought into the courtroom for his trial in prison attire.  (Doc. 13-5, at 63-79).

Sturdivant filed a third motion to amend his Rule 32 Petition, his Motion to Amend Pursuant to A.R.Cr.P., Rule 32.7(b), on July 9, 2014, in which he included an additional ground for relief, pursuant to ARCrP 32, based on his claim that his indictment was fatally defective because Tommy Sturdivant was the named Defendant and not Thomas Eugene Sturdivant, the Petitioner, as indicated in his recaptioned 2254 Petition, (*compare* Doc. 1 at 1 *with* Doc. 7, at 1).  (Doc. 13-5, at 56-62).

Sturdivant filed a fourth motion to amend his Rule 32 Petition, his Motion to Amend Pursuant to A.R.Cr.P., Rule 32.7(b), on August 27, 2014, in which he included additional grounds for relief, pursuant to ARCrP 32, based on his claims that the prosecution failed to prove his prior felony convictions and ineffective assistance of counsel.  (Doc. 13-5, at 80-88).

On December 31, 2014, the trial court denied Sturdivant's Rule 32 Petition.  (Doc. 13-5, at 89-93).  No appeal of this decision was timely filed but Sturdivant did file a "Motion to Reconsider and Grant Relief on the Merits", on January 8, 2015.  (Doc. 13-6, at 1-4).

On January 12, 2015, Sturdivant filed his Motion for Default Judgement, in which he motioned the trial court to rule on his "Rule 32 post conviction and Rule 32.7(b) Default Judgement on a evidentiary hearing." (Doc. 13-6, at 1-4).  Sturdivant claimed the trial court ruled on his Rule 32

Petition and motions to amend his Rule 32 Petition, on October 3, 2013, but did not notify him until December 31, 2014, which he claims was an attempt by the trial court to deny him the opportunity to appeal his Rule 32 Petition. (Doc. 13-6, at 2).

On May 28, 2015, Sturdivant filed a Motion to Compel with the Court of Criminal Appeals, in which he motioned the court to compel the trial court to process his appeal, docketing statement, and transcript order. (Doc. 13-7, at 1-5). Sturdivant claimed the trial court conducted an evidentiary hearing for his Rule 32 Petition, on October 1, 2014; denied it, on October 31, 2014; and he did not receive notice of the denial until December 31, 2014. (Doc. 13-7, at 1). Sturdivant claimed he filed with the trial court, on or about February 2014, his notice of appeal, docketing statement, and transcript order, and the trial court clerk refused to respond and/or process those filings. (Doc. 13-7 at 2). The Court of Criminal Appeals elected to treat Sturdivant's Motion to Compel as a petition for writ of mandamus, (Doc. 13-7, at 6), and, transferred the petition to the Presiding Judge of the Choctaw County Circuit Court because Sturdivant's petition was a request for the Clerk of the Choctaw County Circuit Court to process Sturdivant's filings and the Presiding Judge of the Choctaw County Circuit Court has direct supervisory authority over "'clerks . . . and other court employees of the circuit and district courts within the circuit,'" (Doc. 13-7, at 7 (quoting ALA. CODE § 12-17-24)).

7

On October 1, 2015, Sturdivant filed his Motion to Impose Penalties for Non-Compliance with Rules with the Court of Criminal Appeals, in which he motioned the court to hold the Clerk and Presiding Judge of the Choctaw County Circuit Court in contempt because they refused to respond or process his notice of appeal, docketing statement, and transcript order. (Doc. 13-8, at 1-4). The Court of Criminal Appeals elected to treat Sturdivant's Motion to Impose Penalties for Non-Compliance with Rules as a petition for writ of mandamus. (13-9, at 1). On November 6, 2015, Sturdivant filed his Petition for Writ of Prohibition with the Court of Criminal Appeals, in which he requested oral argument on his Rule 32 Petition if the transcript from his Rule 32 Petition hearing was not produced. (Doc. 13-10, at 1-4). Sturdivant filed the same Petition for Writ of Prohibition with the trial court, (Doc. 13-10, at 5-7), the clerk of the trial court, (Doc. 13-10, at 8-11), and the district attorney for the trial court circuit, (Doc. 13-10, at 11-13). The Court of Criminal Appeals ordered the State of Alabama to respond to the petition for writ of mandamus. (Doc. 13-11, at 1). The State filed its Answer to Petition for Writ of Mandamus, on December 4, 2015, (Doc. 13-12, at 1-45), and Sturdivant filed his reply, on December 23, 2015, (Doc. 13-13, at 1-6). The Court of Criminal Appeals denied Sturdivant's petition for writ of mandamus, on March 10, 2016, and reasoned the Clerk of the Choctaw County Circuit Court did not receive a notice of appeal, docketing statement, and reporter's transcript order because

Sturdivant did not attach a copy of those filings to prove he filed them.  (Doc. 13-14, at 1-2).

On March 29, 2016, Sturdivant filed his second Rule 32 Petition in the Choctaw County Circuit Court.  (Doc. 13-15, at 1-17).  On the form Rule 32 Petition, Sturdivant marked the grounds for his petition as follows: the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief; the court was without jurisdiction to render the judgment or to impose the sentence; newly discovered material facts exist that require his conviction or sentence to be vacated by the court; and Sturdivant failed to appeal within the prescribed time and that failure was not his fault.  (Doc. 13-15, at 7-9).  Attached to Sturdivant's second Rule 32 Petition, he included explanations for certain grounds for his relief.  (Doc. 13-15, at 15).  As to Sturdivant's ground for relief that the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief, he claimed the trial court did not have jurisdiction to render the judgment or impose the sentence in his case because the indictment did not include the number of grand jurors that returned it or concurred with it.  (Doc. 13-15, at 15).

On June 27, 2016, Sturdivant filed his third Rule 32 Petition in the Choctaw County Circuit Court.  (Doc. 13-16, at 6-25).  On the form Rule 32 Petition, Sturdivant marked the grounds for his petition as follows: the Constitution of the United States or of the State of Alabama requires a new

trial, a new sentence proceeding, or other relief because (1) his conviction that was obtained by a guilty plea was unlawfully induced or not made voluntarily, (2) his conviction was obtained by the use of evidence that was obtained pursuant to an unlawful arrest, and (3) s conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to him.  He also claims that he was denied effective assistance of counsel; the court was without jurisdiction to render the judgment or to impose the sentence; and newly discovered material facts exist that require his conviction or sentence to be vacated by the court.  (Doc. 13-16, at 12-14).

Attached to Sturdivant's third Rule 32 Petition, he included explanations for certain grounds for his relief.  (Doc. 13-16, at 20-22).  As to Sturdivant's ground for relief that the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief, he claimed the trial court did not have jurisdiction to render the judgment or impose the sentence in his case because the indictment did not include the number of grand jurors that returned it or concurred with it.  (Doc. 13-15, at 20-22).  On November 10, 2016, the State of Alabama filed its Response to Rule 32 Petition, (Doc. 13-16, at 26-28), and, on November 21, 2016, Sturdivant filed his Response to State's Response to Petitioner's Rule 32 Petition, (Doc. 13-16, at 32-36).

Sturdivant filed a petition for a writ of mandamus with the Court of Criminal Appeals, in which he motioned the court to order the trial court to

take action on his second and third Rule 32 Petitions that the Court of Criminal Appeals denied, on November 21, 2016.  (Doc. 13-16, at 30-31).  On January 10, 2017, Sturdivant filed his Motion to Compel with the trial court, in which he motioned the court to rule on his second and third Rule 32 Petitions, (Doc. 13-16, at 37-38), and, on February 9, 2017, he filed his Motion for Writ of Mandamus with the Court of Criminal Appeals, in which he motioned the court to direct the trial court to rule on his second and third Rule 32 Petitions, (Doc. 13-16-at 39-45).   The Court of Criminal Appeals denied Sturdivant's Motion for Writ of Mandamus, on June 9, 2017.  (Doc. 13-16, at 47).

Beginning in May 2016, Sturdivant, also, filed motions with the Barbour County Circuit Court based on his claims that the Choctaw County Circuit Court had not ruled on his second and third Rule 32 Petitions.  (Docs. 18-1 & 18-2).  On May 24, 2016, Sturdivant filed his Writ of Habeas Corpus § 15-22-24.6 Code of Ala. 1975 in the Barbour County Circuit Court, in which he claimed the Choctaw County Circuit Court did not have jurisdiction to render his judgment and impose his sentence because the indictment did not include the number of grand jurors that returned it or concurred with it.  (Doc. 18-1, at 7-8).  Sturdivant motioned the Barbour County Circuit Court to order the Choctaw County Circuit Court to rule on his second and third Rule 32 Petitions.  (Doc. 18-1, at 9-10).  The State responded, on August 4, 2016, and motioned the court to convert Sturdivant's motion to a Rule 32 Petition and transfer the matter to the appropriate venue, Choctaw County Circuit Court,

11

(Doc. 18-1, at 12-13), which the court granted, on August 9, 2016, (Doc. 18-1, at 14).

On April 17, 2017, Sturdivant filed his Writ of Habeas Corpus § 15-22-24.6 Code of Ala. 1975 in the Barbour County Circuit Court, in which he, again, claimed the Choctaw County Circuit Court did not have jurisdiction to render his judgment and impose his sentence because the indictment did not include the number of grand jurors that returned it or concurred with it and motioned the court to order the Choctaw County Circuit Court to rule on his second and third Rule 32 Petitions.  (Doc. 18-2, at 6-13).  On August 28, 2016, Sturdivant filed his Motion of Inquire in the Barbour County Circuit Court, in which he requested the court to inform him of the status of his Writ of Habeas Corpus § 15-22-24.6 Code of Ala. 1975.  (Doc. 18-1, at 17-19).  The State responded, on October 11, 2017, and, again, motioned the court to convert Sturdivant's motion to a Rule 32 Petition and transfer the matter to the appropriate venue, Choctaw County Circuit Court, (Doc. 13-2, at 19-21), which the court granted, on October 16, 2017, (Doc. 18-1, at 14).

The present 2254 Petition is Sturdivant's second such petition. Sturdivant's first 2254 Petition was filed on February 19, 2014, in this Court. Document 4, *Sturdivant v. Gordy*, Civil Action No. 1:14-cv-00034-CG-M (S.D. Ala. 2015).  Magistrate Judge Bert W. Milling, Jr., entered a Report and Recommendation, in which he recommended Sturdivant's 2254 Petition be denied and the matter dismissed so Sturdivant could exhaust his state court

remedies.  Document 19, *Sturdivant v. Gordy*, Civil Action No. 1:14-cv-00034-CG-M (S.D. Ala. 2015).   Judge Milling's Report and Recommendation was adopted as the opinion of the Court by District Judge Callie V.S. Granade and judgment was entered in favor of the respondent, on July 14, 2014.  Documents 22 & 23, *Sturdivant v. Gordy*, Civil Action No. 1:14-cv-00034-CG-M (S.D. Ala. 2015).

In Sturdivant's instant 2254 Petition, he states his grounds for relief include (1) his indictment was fatally defective because it did not include the number of grand jurors that returned it or concurred with it and, therefore, his arrest was unlawful, the prosecution failed to inform him he was not properly indicted, and his trial counsel was ineffective because he failed to check the indictment; (2) he claims he filed a Rule 32 petition in the Choctaw County Circuit Court and a habeas corpus petition in the Barbour County Circuit Court and states the facts that support this ground for relief are he was indicted without the concurrence of any grand jurors; and (3) he alleges he was subjected to double jeopardy because the two counts of sexual abuse of a child less than twelve-years-old, to which he pleaded guilty, arose from the same act and his lawyer failed to request a "unanimity charge" and the State was required to elect on which count it would proceed.  (Doc. 7, at 6-8).

## II.    The Habeas Petition is Untimely

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new

subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and, therefore, the timeliness of Sturdivant's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his convictions became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Sturdivant's convictions became final in 2011.

Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" In this case, since Sturdivant did not file an appeal of his conviction, the statute of limitations started running forty-two days after the judgment. See *Phillips v. Warden*, 908 F.3d 667, 671 (11th Cir., 2018) ("if the petitioner fails to timely pursue all available state relief on direct review, his conviction becomes final when the time for seeking review in the relevant state court expires.")

Sturdivant was sentenced on May 16, 2011, (Doc. 13-1, at 30-32), and did not file a direct appeal of his sentence, (Doc. 7 at 3). Thus, under Alabama

law, Sturdivant's sentence became final on June 27, 2011. [2]  *See* ALA. R. APP.

P. 4(a)(1) ("Except as otherwise provided herein, in all cases in which an appeal

is permitted by law as of right to the supreme court or to a court of appeals,

the notice of appeal required by Rule 3 shall be filed with the clerk of the trial

court within 42 days . . . .").

Sturdivant was able to take advantage of the tolling provision built into

§ 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed

application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward any

period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331

("'The time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation in [subsection

(d)].'").  Sturdivant tolled the running of the AEDPA one-year limitation period

when he filed his Rule 32 Petition in the trial court on May 29, 2012, (Doc. 13-

5, at 7-24), which was 337 days after June 27, 2011.

The trial court denied Sturdivant's Rule 32 Petition after an evidentiary

hearing, on December 31, 2014, (Doc. 13-5, at 89-93).  Sturdivant did not file

an appeal to the Alabama Court of Criminal Appeals but only a "MOTION TO

RECONSIDER AND GRANT RELIEF ON THE MERITS" in the trial court

---

[2] Sturdivant filed his Motion for Appeal, on April 20, 2012, with the Alabama Court
of Criminal Appeals, (Doc. 13-4, at 1-7), but the Court of Criminal Appeals denied
Sturdivant's appeal as untimely, (Doc. 13-4, at 11).

(*Id.* at 94-105).   Although the record in this action does not show that this particular motion was ruled on by the trial judge, it does not matter since that motion did not toll the time for perfecting an appeal of the denial of the Rule 32 motion. See *Loggins v. State*, 910 So.2d 146, 149 (Ala.Crim.App., 2005) ("'[n]either the Alabama Rules of Criminal Procedure nor the Alabama Rules of Appellate Procedure provide a procedure for suspending the time for appeal upon the filing of a motion to reconsider the denial of a Rule 20 [now Rule 32] petition.'") quoting *Patterson v. State*, 549 So.2d 635, 636 (Ala.Crim.App. 1989)).   Therefore, the denial of his Rule 32 petition became final on February 11, 2015, which is forty-two days after the trial judge's decision of December 31, 2014.   ALA. R. APP. P. 4(a)(1).   At that time the statute of limitation began to run for the second time, leaving Sturdivant with twenty-eight (28) days to file his federal petition by March 11, 2015.   Sturdivant's second and third Rule 32 Petitions did not toll the AEDPA's one-year limitation period because they were filed after March 11, 2015, on March 29, 2016, (Doc. 13-15, at 1-17), and June 27, 2016, (Doc. 13-16, at 6-25), respectively. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

Sturdivant did not file his instant 2254 Petition until May 18, 2017, (Doc. 1), which was 799 days after March 11, 2015, the date on which the AEDPA's one-year limitation period ended. Thus, the present habeas petition is clearly untimely.

## III.   Sturdivant is Not Entitled to Equitable Tolling

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,*

219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at 653, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.

> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances,

19

> the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 651-652, 130 S.Ct. at 2564.

Sturdivant does little to present an argument that he is entitled to equitable tolling of the one-year limitations period, and since "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013),[3] it is determined that equitable tolling does not apply in this action.

### IV.   Sturdivant has Not Demonstrated Actual Innocence

It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom. San Martin v. Tucker*, U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).  '[A] petitioner does not meet

---

[3]      Sturdivant nowhere establishes that he pursued his rights diligently or that any extraordinary circumstances stood in his way and prevented him from filing a timely federal habeas corpus petition.

the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).

As discussed previously, Sturdivant pleaded guilty on May 16, 2011, before the Honorable Gaines C. McCorquodale and while represented by James E. Deshler, III, Esquire, to Counts Four and Five of his indictment, both of which were counts of sexual abuse of a child, who was less than twelve (12) years of age, and were Class B felonies. (Doc. 13-1, at 28-29; Doc. 13-3, at 1 & 14). He has not presented, or even alleged, the existence of new evidence of such a caliber demanded by *McQuiggin* and *Schulp*. As such, Sturdivant's claim, if he has one, of actual innocence would fail. Accordingly, the undersigned **RECOMMENDS** that Sturdivant's habeas petition (Doc. 7 as supplemented) be **DISMISSED with prejudice** as time-barred.

## V.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Sturdivant should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal

IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## VI.    **Conclusion**

Based on the foregoing analysis, the undersigned Magistrate Judge recommends Petitioner Sturdivant's 2254 Petition, (Doc. 7), be **DENIED**. Sturdivant is not entitled to a certificate of appealability, and, therefore, he is not entitled to appeal *in forma pauperis*.

## VII.   **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to

object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 15th day of April 2019.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

24